## CLAPIER'S EXECUTORS v. MAUPAY.

September 16, 1837.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

The lapse of a period of less than twenty years from the time a bond falls due, affords no presumption of payment, unless coupled with other circumstances to justify it.

Where the defendant filed an affidavit of defence, under the act of 28th March, 1835, in a suit on a bond, stating a lapse of time less than twenty years, and stating a settlement of accounts, without averring payment of the bond, or that it was included in the settlement, the court held, that the presumption was not raised, and that the affidavit was insufficient.

THIS was a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.   The plaintiffs filed a copy of a bond, dated September 9th, 1818, given by the defendant to Lewis Clapier, the testator, in his lifetime, conditioned for the payment of 1000 dollars in one year from the date,

12*

[Clapier v. Maupay.]

with lawful interest, payable half yearly.   The defendant put in the following affidavit of defence:

"Daniel Maupay, the above defendant, being duly sworn, deposes and says, that he has a defence to the plaintiff's demand, in the above case—that the nature and character of that defence are as follows, viz.: that since the date of the execution of the bond, on which the above suit is brought, viz., on or about the 25th day of March, 1822, the testator, in his lifetime, and the defendant had a settlement of accounts, and the said testator paid to the defendant about that time the balance due from and out of that settlement, viz., the sum of 80 dollars or thereabouts.   That the defendant is informed that, under the circumstances of the case, the law raises the presumption that the said bond is paid and satisfied."

This suit was commenced on the 19th of June, 1837.

*I. Norris*, for the plaintiff.

1.  There is no presumption of payment from lapse of time itself, as only seventeen years, nine months, and ten days, have elapsed from the time the bond fell due.   To presume payment from lapse of time, there must be full twenty years.   Oswald *v.* Legh, 1 *Term. Rep.* 270, where it is held, that less than twenty years will not do without other evidence in favour of the presumption.   The rule was adopted by Lord Ellenborough in Colsell *v.* Budd, 1 *Camp.* 27, and by our Supreme Court in Henderson *v.* Lewis, 9 *Serg. & R.* 380.   Judge Duncan, in Cope *v.* Humphreys, 14 *Serg. & R.* 20, states it, "twenty years is the fixed period: one day beyond it is as much too late as one hundred years."   Sommerville *v.* Holliday, 1 *Watts.* 517.

2.  There is *no circumstance* taken with lapse of time that raises a presumption of payment.   The affidavit states a settlement of accounts, and payment of 80 dollars, but the defendant does not swear that the bond was included in it.   He does not swear to payment of it.   The *onus* of proof is on him.   The fact is within his knowledge, for he swears *he* made the settlement.   The omission is fatal, for this fact is the groundwork of the circumstance on which a jury would presume payment.   If a fact is within the knowledge of a party, and is a necessary part of his defence, he must aver it in his affidavit.   Potts *v.* Crabb, 2 *Whart.* 181, per Gibson, C. J.   The rebuttal of payment by circumstances is a question for the court, not a jury.   Delany *v.* Robinson, 2 *Whart.*

[Clapier v. Maupay.]

503; Sommerville *v.* Holliday, 1 *Watts.* 521; McDowell *v.* McCullough, 17 *Serg. & R.* 53.

*Randall*, contra.

1. The rule is admitted that no presumption of payment arises from lapse of time by itself for a less period than twenty years, but a less time will do, when coupled with circumstances to strengthen the natural presumption on which the rule is founded, and the rule is so qualified by Lord Ellenborough, in Colsell *v.* Budd. Here there was a settlement of accounts in 1822, and a payment made to the obligor. If the bond had remained unpaid, it would certainly have been included in it. This settlement raises a violent presumption of payment.

2. The defendant need only aver circumstances from which the court will presume a payment. It is not necessary to depose to the payment itself. In many cases it would be impossible. Here the circumstance of the settlement of accounts is positively sworn to, and it is sufficient at least to put the case to a jury, and it is a proper question for them.

PER CURIAM.—The rule in Pennsylvania requires a lapse of full twenty years before the law raises a presumption of payment, and a single day less than that period, in general, excludes the presumption. The rule is however qualified, to the extent, that a presumption of payment may be raised, arising from a lapse of less than twenty years, when coupled with other circumstances which should appear to fortify it.

Here the affidavit is insufficient. The act requiring an affidavit of merits is an appeal to the conscience of a party, and it clearly was in the power of the defendant here to aver that the bond was paid, or that it was included in the settlement of accounts. This averment not having been made, the presumption is that it was not included in that settlement.

Judgment for plaintiff.